IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DISCOLOU ENTERTAINMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO J. FIGUEROA QUINTANA, et al.,<br><br>Defendants. | CIVIL NO.: 22-1124 (MEL) |

**OPINION & ORDER**

**I.   INTRODUCTION**

Pending before the court is a motion to dismiss DiscoLou Entertainment, LLC's ("Plaintiff") second amended complaint filed on February 14, 2023, by Defendant Pedro J. Figueroa Quintana[1] ("Defendant"), arguing that Luis Alberto Rodríguez, doing business as DiscoLou Entertainment, LLC, has failed to state a claim against him under Federal Rule of Civil Procedure 12(b)(6). ECF No. 56. Plaintiff has filed a response in opposition to the motion to dismiss. ECF No. 57. For the reasons and to the extent explained below, the court GRANTS Defendant's motion to dismiss.

**II.   FACTUAL ALLEGATIONS**

On January 13, 2020, Plaintiff and Defendant, on behalf of Una Visión Quintana, Inc. ("UVQ"), executed an Artist Booking Agreement (the "Agreement") for the services of Manuel Rivera Allende known artistically as Kevvo (the "Artist"). ECF No. 55 at 1. Pursuant to the Agreement, Plaintiff would serve as the exclusive booking agent of the Artist for a minimum of

---

[1] Plaintiff has sued multiple defendants; however, Defendant raises this motion alone and in his personally capacity.

1

20 shows within the United States. *Id*. According to the complaint, after successfully completing two shows per the Agreement, Defendant and others refused to continue providing the Artist's services. *Id*. at 1–2, 5. Consequently, Defendant failed to cooperate with Plaintiff in scheduling the remaining 18 shows per the Agreement. *Id*. at 2, 5–6. Further, Plaintiff alleges that Defendant continued booking shows for the Artist in the U.S. even though the Agreement gave Plaintiff that exclusive right. *Id*. at 7.

As a result of these allegations, Plaintiff filed suit on March 9, 2022, against Defendant, UVQ, and the Artist, among others. *Id*. at 2–3. Plaintiff brings claims against Defendant in his individual capacity under three separate theories: (1) breach of contract under Puerto Rico Civil Code Articles 1158 and 1233; (2) unjust enrichment; and (3) negligence under Article 1536.[2]

### III. LEGAL STANDARD

A defendant may move to dismiss an action pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodríguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels us 'to draw on' our 'judicial experience and common sense.'" *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Such a task requires a two-pronged analysis. "First, the court must sift through the

---

[2] In the second amended complaint, Plaintiff cites new Civil Code provisions that came into effect in November 2020. ECF No. 55 at 9–13. However, because the events giving rise to this action took place before the new Puerto Rico Civil Code of 2020 came into effect, the older provisions apply. Regardless, the provisions' changes are not material for the purpose of this analysis and can be used interchangeably.

averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). "Similarly, a court does not accept as true allegations that while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011) (internal quotations omitted). In short, "to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Torres v. Bella Vista Hosp., Inc.*, 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting *Twombly*, 550 U.S. at 555, 570).

"Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim of relief." *Air Sunshine, Inc.*, 663 F.3d at 33. In making this determination under Rule 12(b)(6), the court must limit its focus to the allegations of the complaint and "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'" *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). In addition to the complaint, the court can consider "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" *Schatz*, 669 F.3d at 55 (quoting *Arturet-Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)). "We appropriately draw on our 'judicial experience and common sense' in evaluating a complaint, but we may not disregard factual allegations 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *Manning v. Boston Medical Center Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). Although all inferences must be made in plaintiff's favor, the court need not accept "bald

assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. *Id*.

IV. **ANALYSIS**

In his motion to dismiss, Defendant argues that the breach of contract, unjust enrichment, and tort claims against him should be dismissed because he did not execute the Agreement in his personal capacity. ECF No. 56 at 2–3. Plaintiff, without affirmatively addressing the breach of contract and unjust enrichment claims, responds that Defendant should remain in the action because he is personally liable for the torts he committed, regardless of whether he was acting for the corporation. ECF No. 57 at 5–6.

**A. Plaintiff failed to state a breach of contract claim.**

Defendant contends that he is not liable under breach of contract because he executed the Agreement on behalf of UVQ, and therefore he is not a party to the Agreement. Plaintiff does not appear to address the breach of contract claim in his response. ECF No. 57 at 5–6. Defendant cites to the Agreement, which was attached to the second amended complaint, to prove that he did not sign the Agreement in his personal capacity: "THIS CONTRACT (the "Agreement") made and entered this 13 day of January[] 2020 by and between [the Artist] represented in this act by [Defendant] on behalf of [UVQ] . . . and [Plaintiff] . . ." ECF No. 55-1 at 1. Because the Agreement was attached to the second amended complaint, the court may properly consider this document. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) ("On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto." (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

"Under Puerto Rico law, there is a presumption that a corporate entity is separate from its [owners]." *Milan v. Centennial Commc'ns Corp.*, 500 F. Supp. 2d 14, 26 (D.P.R. 2007). Accordingly, "corporate directors, officers, and shareholders . . . are generally not liable for the corporation's debts and actions." *Innovative Associated Corp. v. Celin Corp.*, No. CV 22-1075, 2023 WL 2500675, at *2 (D.P.R. Mar. 13, 2023) (citations omitted). In certain circumstances, a plaintiff may hold an individual liable by piercing the "corporate veil." *Arist Med. Scis. Univ. v. Triple-S Propiedad, Inc.*, No. CV 19-1891, 2021 WL 1937360, at *5 (D.P.R. May 13, 2021). "The burden to pierce the corporate veil lies on the party seeking to pierce the veil." *Id*. at *6 (quoting *Milan*, 500 F. Supp. 2d at 26).

In response to Defendant's motion, Plaintiff does not challenge that Defendant signed the Agreement on behalf of UVQ. On the contrary, in his introduction, Plaintiff concedes that Defendant signed on behalf of UVQ. ECF No. 57 at 1 ("On January 13, 2020, Plaintiff and [Defendant], *on behalf of UVQ*, executed [the Agreement], for the services of [the Artist]." (emphasis added)). Nor does Plaintiff assert that the corporate veil should be pierced to hold defendant liable, so the court will not consider it. ECF No. 5–6. Because Plaintiff fails to allege any facts or make any arguments rebutting the presumption that Defendant is separate from UVQ, the court concludes, based on a plain reading of the Agreement attached to the second amended complaint, that Defendant did not enter into the Agreement in his personal capacity.

Finally, Plaintiff cites this court in *Wadsworth, Inc. v. Schwarz-Nin*, to support the proposition "that an officer is personally liable for his actions and cannot seek refuge in the fact that he was acting for the corporation." ECF No. 57 at 5 (quoting *Wadsworth, Inc. v. Schwarz-Nin*, 951 F. Supp. 314, 322 (D.P.R. 1996)). However, Plaintiff's reliance on this case is misguided because of clerical error. Indeed, in stating this proposition, the court in *Wadsworth*

incorrectly quoted the First Circuit's decision in *Bond Leather Co. v. Q.T. Shoe Mfg. Co. Compare Wadsworth*, 951 F. Supp. at 322 ("However, 'it is well settled that an officer is personally liable for his actions and cannot seek refuge in the fact that he was acting for the corporation.'" (quoting *Bond Leather Co. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 938 (1st Cir. 1985)), *with Bond Leather Co.*, 764 F.2d at 938 ("[I]t is settled that a corporate officer *who commits a tort* is personally liable for his actions and cannot seek refuge in the fact that he was acting for the corporation." (emphasis added)). Furthermore, reading past the misquoted passage shows that the court in *Wadsworth* intended to address only tort actions by a corporate officer, not all actions. *Wadsworth*, 951 F. Supp. at 322. Accordingly, Plaintiff has failed to state a breach of contract claim against Defendant, and therefore this claim is dismissed with prejudice against Defendant.

### B. Plaintiff fails to state an unjust enrichment claim.

The court now turns on whether the unjust enrichment claim should be dismissed because Defendant did not enter the Agreement in his personal capacity. Plaintiff does not address this claim in his response. "[I]t is well-settled under Puerto Rico law that the un[just] enrichment doctrine is not applicable where . . . there is a contract that governs the dispute at issue." *Montalvo v. LT's Benjamin Recs., Inc.*, 56 F. Supp. 3d 121, 137 (D.P.R. 2014) (citing *Puerto Rico Tel. Co. v. SprintCom, Inc.*, 662 F.3d 74, 97 (1st Cir. 2011)). To prove unjust enrichment under Puerto Rico law, a plaintiff must prove "(1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause." *Montalvo*, 56 F. Supp. 3d at 136 (citing *Hatton v. Municipality of Ponce*, 134 D.P.R. 1001, 1010 (1994)).

In this case, Plaintiff's unjust enrichment claim fails because another legal precept applies—the Agreement. *Punta Lima, LLC v. Punta Lima Dev. Co.*, 440 F. Supp. 3d 130, 151 (D.P.R. 2020). ("As is evident in the doctrine's fifth element, a contract governing the dispute at issue renders the unjust enrichment doctrine inapplicable."). Further, the Agreement governs the issues in dispute, including the deposit and the requirement for 20 performances. ECF No. 55-1 at 1–2. Therefore, "the doctrine of unjust enrichment does not apply because the existence of a contract is intended to govern the dispute at hand." *Winnie v. Hilton Worldwide Holdings, Inc.*, No. CV 19-1859, 2020 WL 6021537, at *6 (D.P.R. Aug. 12, 2020). Moreover, Plaintiff pleads no specific facts above the speculative level indicating that Defendant was unjustly enriched in his individual capacity. Specifically, Plaintiff pleads only that he "paid a deposit of $80,000.00" and "that Defendants are being unjustly enriched by retaining the deposit of eighty thousand dollars . . ." ECF No. 55 at 7, 14. But nothing in Plaintiff's pleadings specifically allege that Defendant himself was unjustly enriched. ECF No. 55 at 3–14. Instead, the fifth clause in the Agreement attached to the second amended complaint specifies that "[t]he payment of the income derived from the event will be made in the name of [UVQ]." ECF No. 55-1 at 2. Therefore, Plaintiff fails to plead that an enrichment existed toward Defendant personally.

Finally, to allow Plaintiff to proceed in his unjust enrichment claim would effectively provide him with a backdoor to pierce the corporate veil and frustrate principles regarding limited liability. While Defendant has not cited any precedent from the state courts of the Commonwealth of Puerto Rico addressing this matter specifically, other courts have persuasively held that an unjust enrichment claim should not be used to circumvent the corporate veil, especially when the plaintiff has failed to prove that he conferred a benefit on the owner personally. *QVC, Inc. v. OurHouseWorks, LLC*, 649 F. App'x 223, 228 (3d Cir. 2016)

("[Plaintiff] cannot use the equitable remedy of unjust enrichment to circumvent state veil-piercing requirements and recover [damages] that it would otherwise be forced to seek from [company] in a standard breach-of-contract action."); *Metalmeccanica Del Tiberina v. Kelleher*, No. 04-2567, 2005 WL 2901894, at *4 (4th Cir. Nov. 4, 2005) (holding that the plaintiff may levy an unjust enrichment claim against a company *but not its owner* without first piercing the corporate veil (emphasis added)); *Equitas Disability Advocs., LLC v. Bryant*, 134 F. Supp. 3d 209, 222 (D.D.C. 2015) ("D.C. courts have agreed the theory of unjust enrichment should not be expanded to serve as a roundabout way of disregarding the principles of limited liability."); *Hettinger v. Kleinman*, 733 F. Supp. 2d 421, 445 (S.D.N.Y. 2010) ("Because plaintiffs do not allege that the corporate veil should be pierced with respect to [the company], there is no basis to conclude that [plaintiffs] . . . conferred a personal benefit on the [owners]. [Plaintiffs] cannot, therefore, recover from the [owners] under an unjust enrichment theory."). Accordingly, Plaintiff has failed to state an unjust enrichment claim against Defendant, and therefore this claim is dismissed with prejudice.

    **C. Plaintiff fails to state a tort claim.**

Finally, the court addresses whether the tort claim should be dismissed because Defendant did not enter the Agreement in his personal capacity. Plaintiff asserts that Defendant's status as a corporate officer does not grant him immunity for torts in which he personally participated in. Article 1802 of the Puerto Rico Civil Code establishes liability for "[a] person who by an act or omission causes damage to another through fault or negligence." 31 L.P.R.A. § 5141. Thus, regardless of whether a corporate officer was acting as an agent of his corporation, he "is liable for torts in which he personally participated." *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 907 (1st Cir. 1980).

Puerto Rico's general tort statute "generally does not apply in the context of commercial transactions." *Linares-Acevedo v. Acevedo*, 38 F. Supp. 3d 222, 228 (D.P.R. 2014) (citing *Isla Nena Air Servs., Inc. v. Cessna Aircraft Co.*, 449 F.3d 85, 88 (1st Cir. 2006)). However,

> [a] plaintiff may bring a negligence claim based on a contractual relationship when there is both an alleged breach of contract and an alleged breach of the general duty not to negligently cause injury. This general duty not to act negligently must arise out of conditions separate from the parties' contract. If a plaintiff's damages arise exclusively from a defendant's alleged breach of contract, the plaintiff does not have a separate cause of action for negligence.

*Nieves Domenech v. Dymax Corp.*, 952 F. Supp. 57, 65–66 (D.P.R. 1996) (citations omitted); *CPC Carolina PR, LLC v. Puerto Rico CVS Pharmacy, LLC*, Civ. No. 18-1555, 2020 WL 583476, at *9–10 (D.P.R. Sept. 30, 2020); *Burk v. Paulen*, 100 F. Supp. 3d 126, 136 (D.P.R. 2015).

In this case, Plaintiff's Article 1802 claim arises directly out of Defendant's alleged breach of the Agreement. Indeed, Plaintiff alleges no new facts to support his claim in tort. *Compare* ECF No. 12–13, *with* ECF No 8–11. Moreover, Plaintiff's alleged entitlement to over $270,000 would not have occurred apart from the Agreement. *See Isla Nena Air Servs., Inc.*, 449 F.3d at 91; *Linares-Acevedo*, 38 F. Supp. 3d at 228 (explaining that because the "alleged breach of duty of care is intertwined with the alleged breach of contract, plaintiffs cannot bring a separate cause of action under Article 1802, and the claim must be dismissed.") Plaintiff fails to adequately explain how a separate duty of care was owed by Defendant that was independent from the Agreement. Accordingly, Plaintiff has failed to state a tort claim against Defendant, and therefore this claim is dismissed against Defendant.

V.   **CONCLUSION**

Accordingly, Plaintiff fails to state any claim against Defendant personally upon which relief can be granted. For the foregoing reasons, Pedro J. Figueroa Quintana's request to dismiss

the second amended complaint against him personally under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 56) is GRANTED. Accordingly, all claims in the second amended complaint against him are DISMISSED with PREJUDICE.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 29th day of September, 2023.

s/Marcos E. López<br>
U.S. Magistrate Judge